UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRELL L. DANIELS,

    Plaintiff,

v.                                                             Case No. 10-C-0554

MICHAEL WAWRZYNIAKOWSKI, a
Milwaukee Police Officer,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff Terrell L. Daniels, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Fox Lake Correctional Institution. On July 29, 2010 this Court granted Plaintiff's request to proceed *in forma pauperis* and dismissed Plaintiff's action for failure to state a claim. (Dkt. 7.) However the Court allowed Plaintiff time to file an amended complaint. Plaintiff received one extension and timely filed his amended complaint (Dkt. 9) on September 13, 2010.

This court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim

as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 550 U.S.544, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must,

2

second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus,* 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here Plaintiff's amended complaint still fails to state a claim upon which relief can be granted. This Court does not look to Plaintiff's original complaint. Under Civil L.R. 15.1 the amended complaint must be complete in itself without reference to any prior pleadings. Plaintiff's allegations of illegal conduct remain entirely conclusory and state with no degree of specificity how, in any way, Plaintiff was harmed by Defendant's actions. Plaintiff alleges that on October 4, 2007 defendant Michael Wawrzyniakowski ("Defendant"), a Milwaukee County Police Officer, improperly obtained and executed a search warrant for 3574 and 3576 North Teutonia Avenue which were alleged to be under the possession and control of one Jerrell Starks. Plaintiff does not specify how, in any way, this activity affected Plaintiff. Plaintiff claims that defendants "acted under color of law to deprive plaintiff of his constitutional rights" (Dkt. 7 at 1) but does not explain how he was deprived of his constitutional rights. Specifically, he does not state that he was arrested pursuant to the allegedly deficient search warrant. He does not relate the purportedly defective

3

search warrant to his current conviction or imprisonment. Plaintiff's amended complaint, in large part, simply repeats the points Plaintiff raised in his initial complaint. (Dkt. 1.) Because plaintiff has failed to set forth cognizable constitutional or federal claims in his amended complaint, the case must be dismissed.

**IT IS THEREFORE ORDERED** that this action be and hereby is **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   29th   day of September, 2010.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge